IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Religious Rights Foundation of PA; a Pennsylvania non-profit corporation; C.Y. and L.Y., individually and as the parents and natural guardians of F.Y., a minor; B.H. and K.H., individually and as the parents and natural guardians of R.H., a minor, | : : : : : : : : | CIVIL DIVISION<br><br>No. 4:23-cv-01144-MWB |
| Plaintiffs, | : : | |
| v. | : : | |
| State College Area School District; Board of School Directors of the State College Area School District, | : : : : | |
| Defendants. | | |

## **CONSENT ORDER**

### June 10, 2025

Plaintiffs and Defendants agree to the terms listed below and respectfully request that this Honorable Court enter the same as an Order of Court.

1. Plaintiff students are generally entitled to the same generally available benefits as those provided to homeschooled and charter school students by the State College Area School District (hereinafter referred to as "School District"), a public school district within the Commonwealth of Pennsylvania.

2. Defendants agree to make available to parochial school students who are otherwise eligible because they reside within the School District (hereinafter

EXHIBIT C - 001

referred to as "eligible parochial school students") the same extracurricular and co-curricular activities (including athletics) and educational programs offered to homeschooled students and Charter School students under the Public School Code, as amended, 24 P.S. §§ 1-101, et seq, et al. In connection with the provision of these activities and programs, the School District may select and impose its generally applicable student selection criteria.

3. Eligible parochial school students who attend parochial schools that sponsor interscholastic athletic sports are not eligible to participate in those same interscholastic athletic sports at the State College Area School District. If parochial schools do not offer a particular interscholastic athletic sport, eligible parochial school students are eligible to participate in those interscholastic athletic sports at the School District.

4. If the Pennsylvania Interscholastic Athletic Association ("PIAA") declares a parochial school student ineligible to participate in an interscholastic athletic sport at the School District due to the student's enrollment in a parochial school or if the PIAA indicates in writing that it will prohibit a student from participating because of the student's enrollment in a parochial school, Plaintiff Religious Rights Foundation and/or other plaintiffs shall have the obligation to resolve the issue with the PIAA. While the ineligibility issue is pending, Defendants may comply with the PIAA requirements without violating this Order.

EXHIBIT C - 002

5. If the parochial school that an eligible parochial school student attends does not offer a particular co-curricular program or club, but the School District does, then the student is eligible to participate in that program or club at the School District. But if the parochial school does offer: (1) a co-curricular program that is substantially similar to a co-curricular program offered by the School District, or (2) a club focused on topics or activities that are similar to a club available in the School District, then the student is ineligible to participate in the program or club.

6. Within thirty (30) days of the date of this Order, payment of a reasonable, agreed upon sum to Plaintiffs' legal counsel, Dillon McCandless King Coulter & Graham LLP, shall be made on behalf of Defendants as payment of legal fees and costs pursuant to 42 U.S.C. §1988.

7. Based upon the representations of the parties, the Court adopts and enters the foregoing terms and conditions as an ORDER of this Court, and this case is hereby settled and closed.

*s/ Matthew W. Brann*
MATTHEW W. BRANN
CHIEF UNITED STATES DISTRICT JUDGE

EXHIBIT C - 003