## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RELIGIOUS RIGHTS FOUNDATION OF PA, a Pennsylvania non-profit corporation; C.Y. and L.Y., individually and as the parents and natural guardians of F.Y., a minor; A.C., individually and as the parent and natural guardian of M.W., a minor; and J.K., individually and as a parent and natural guardian of O.K., I.L., L.K., and W.K., minors,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, Inc.,<br><br>　　　　Defendant. | :<br>:<br>:　4:25-cv-01406-MWB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>CONSENT ORDER</u>

January 23, 2026

Plaintiffs and Defendant agree to the terms listed below and respectfully request that this Honorable Court enter the same as an Order of Court.

1.　　Student Plaintiffs, along with any unnamed student members of the Religious Rights Foundation and any other student athletes who are enrolled in Pennsylvania faith-based schools, are hereby declared eligible under the United States Constitution and the PIAA Bylaws to participate in the PIAA governed interscholastic athletic activities sponsored by their respective home school

districts, if the PIAA interscholastic athletic activity is not sponsored by their Pennsylvania faith-based school. For the purpose of this Consent Order, the term "home school district" is defined solely as the student's school district of residency. This Consent Order does not affect PIAA's rules relative to non-faith-based schools nor does it permit any student athlete to participate in a public school district other than the student's home school district.

2.      Students participating in PIAA governed interscholastic athletics activities at their home school district pursuant to this Consent Order and the PIAA Bylaws are required to satisfy the eligibility requirements applicable to the other students enrolled in their respective home school districts, including but not limited to, compliance with all PIAA rules, regulations, policies, procedures, Constitution, and Bylaws, except as provided herein. Further, it is expressly noted that every student participating in PIAA governed interscholastic athletic activities at their home school district must complete in its entirety the PIAA's Comprehensive Initial Pre-Participation Physical Evaluation, otherwise known as the CIPPE Form.

3.      Students participating in PIAA governed interscholastic athletic activities at their home school districts pursuant to this Consent Order must notify the Principal or their designee (such as the named Athletic Director) of their home school district of their intent to participate. The Principal or Athletic Director of the home school district of residence shall promptly notify the Principal or Athletic

EXHIBIT D - 002

Director of the faith-based school of current enrollment that the student is participating in a PIAA governed interscholastic athletic activity at the home school district.

4.    If a home school district declares a student ineligible to participate in an interscholastic athletic activity at the home school district due to the student's alleged failure to comply with the home school district's eligibility requirements, while the ineligibility issue is pending, Defendant PIAA may comply with the home school district's determination without violating this Order.

5.    Within twenty (20) days of the date of this Order, Defendant shall make payment to Plaintiffs' legal counsel, Dillon McCandless King Coulter & Graham LLP, in a reasonable, agreed upon sum as payment for Plaintiffs' legal fees and costs pursuant to 42 U.S.C. §1988.

6.    Based upon the representations of the parties, the Court adopts and enters the foregoing terms and conditions as an ORDER of this Court and this case is hereby settled and closed.

BY THE COURT:

*s/ Matthew W. Brann*

Matthew W. Brann
Chief United States District Judge

EXHIBIT D - 003